**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 92-CA-00515-SCT**

*JOSEPH B. GARRARD, JR., MAJOR I.E. CARNLEY AND MRS. MILTON E. GEORGE*

*v.*

*CITY OF OCEAN SPRINGS, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/15/92 |
| TRIAL JUDGE: | HON. CLINTON LOCKARD |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | WILLIAM T. REED |
| ATTORNEYS FOR APPELLEE: | BRILEY RICHMOND |
| | OSCAR JORDAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 4/4/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/25/96 |

**EN BANC.**

**PITTMAN, JUSTICE, FOR THE COURT:**

¶1. On October 22, 1991, Joseph B. Garrard, Major I. E. Carnley and Mrs. Milton E. George (hereinafter "Garrard, et al.") filed a Bill of Exceptions against the City of Ocean Springs, Mississippi, in the Circuit Court of Jackson County. Accompanying the Bill of Exceptions was a rebuttal signed by Ocean Springs Mayor Kevin V. Alves. On April 15, 1992, Judge Clinton Lockard issued an order dismissing the complainants' Bill of Exceptions. Garrard, et al. appealed to this Court on May 15, 1992.

**FACTS**

¶2. The Ocean Springs American Legion Hut lies in the heart of historic Marble Springs Park. In the early 1980s an effort was begun to restore the park to its late 19th century condition. As a part of this restoration, the 1920s era the Hut was to be torn down. This proposal proved to be quite controversial among the residents of Ocean Springs. On October 10, 1989, a public hearing was held on the issue with several people speaking out both for and against the removal of the structure. Finally, the Ocean Springs City Council took action in this matter in a meeting held on February 20, 1990. The minutes of this meeting read in pertinent part:

Motion by Wavra, seconded by Gill, that the American Legion Hut be taken down board by board

under the supervision of the Ocean Springs Recreation Department, with assistance from the City and the County employees, in a careful manner, and that all useable materials be saved and transported to the Ocean Springs Recreation Department, Alice Street location, for reconstruction. Further, that this action should not start until the Supreme Court has ruled on the case currently pending regarding subject building.[1]

VOTING AYE Aldermen Wavra and Gill.

VOTING NAY Aldermen Robinson, Williams, Mountjoy, Harvey and McKay.

<u>THE MOTION DID NOT CARRY</u>

The City Attorney advised the Mayor and Board that no final action should be taken regarding either the spending of a large sum of money on or the destruction of the American Legion Hut until a Supreme Court decision has been made.

Motion by Harvey, seconded by McKay, that the American Legion Hut be turned over to the Park Commission to be handled under their auspices as they see fit within their budget.

VOTING AYE Aldermen Robinson, Williams, Mountjoy, Harvey and McKay.

VOTING NAY Aldermen Wavra and Gill.

¶3. The minutes of this meeting were approved at a City Council meeting held March 6, 1990. On October 22, 1991, Joseph B. Garrard, Major I. E. Carnley and Mrs. Milton E. George filed a Bill of Exceptions against the City of Ocean Springs, Mississippi, in the Circuit Court of Jackson County which appealed the City Council's decision to not remove the American Legion Hut. They gave as grounds for their appeal:

1. That the American Legion Hut is located in a R-1 zone, is in a deteriorated state and has not been used for approximately six years and specifically has not had water or electricity since Hurricane Elena.

2. This action contradicts two previous decisions of the City to tear down the American Legion Building.

3. An appeal is pending in the Mississippi Supreme Court Cause No. 48,610 wherein the American Legion asserts that it holds a valid lease from the City of Ocean Springs through April 12, 1992.

4. The Order of the City of Ocean Springs was based upon bias, prejudice, sympathy and emotion and is not based upon the facts and the law.

5. The Order of the City of Ocean Springs considered factors and based its decision upon factors that are not pertinent or relevant to the issues before the Commission or the Board.

6. The Order of the City of Ocean Springs, has no basis in law or in fact.

7. The action of the City Council is a violation of the zoning ordinance of the City of Ocean Springs, specifically, Section 301, 401, and Section 701, 702, and 901.2(3).

¶4. Ocean Springs Mayor Kevin V. Alves filed a Rebuttal which accompanied the Bill of Exceptions and

responded to its allegations.

¶5. On April 15, 1992, Judge Clinton Lockard issued an order which disposed of Garrard, et al.'s Circuit Court appeal. The order stated that:

> The decision of the City Council of Ocean Springs, Mississippi, to place the control, use and maintenance of a particular building located on city property used as a city park in the custody and control of the Department of Recreation is a valid discretionary decision within the authority of the City Council and is not properly the subject of an appeal, and, therefore, the appeal herein should be and is hereby dismissed, with costs assessed to the appellants.

¶6. Garrard, et al. appealed on May 15, 1992.

## LAW

¶7. Judge Lockard's order to dismiss the Circuit Court appeal of Garrard, et al. is unclear. It appears that he may have based his ruling on the mistaken belief that he was without jurisdiction to hear the case. Appeals from municipal authorities to circuit courts are controlled by the first paragraph of Miss. Code Ann. § 11-51-75:

> **§ 11-51-75. Appeal to circuit court from board of supervisors, municipal authorities.**
>
> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgments or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit clerk at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities. Costs shall be awarded as in other cases. The board of supervisors or municipal authorities may employ counsel to defend such appeals, to be paid out of the county or municipal treasury. Any such appeal may be heard and determined in vacation in the discretion of the court on motion of either party and written notice for ten (10) days to the other party or parties or the attorney of record, and the hearing of same shall be held in the county where the suit is pending unless the judge in his order shall otherwise direct.

Miss. Code Ann. § 11-51-75.

¶8. This Court has given a broad interpretation to this statute writing, "We are of the opinion that any act of a county or municipality leaving a party aggrieved is appealable under § 11-51-75 where . . . all issues of the controversy are finally disposed of by Order of the City Council." *South Central Turf, Inc. v. City of Jackson*, 526 So. 2d 558, 561 (Miss. 1988). The City Counsel created this controversy when they transferred control of the American Legion Hut to the Park Commission. The motion to transfer was clear and contained an unambiguous mandate. A comparison of this motion to another motion offered for passage before the Council shows why this is so:

Motion by Wavra, seconded by Gill, that the American Legion Hut be taken down board by board under the supervision of the Ocean Springs Recreation Department, with assistance from the City and the County employees, in a careful manner, and that all useable materials be saved and transported to the Ocean Springs Recreation Department, Alice Street location, for reconstruction. <u>Further, that this action should not start until the Supreme Court has ruled on the case currently pending regarding subject building.</u> (emphasis added.)

¶9. Had this motion passed, the conditional language which stayed the hut's removal would have prevented this from being a final disposition. The motion to transfer contains no similar language to limit the commanded action.

¶10. The decision by the City Council of Ocean Springs was proper for appeal to the Circuit Court. We therefore reverse and remand for the Circuit Court to address issues raised by the parties.

¶11. **REVERSED AND REMANDED.**

**PRATHER AND SULLIVAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. LEE, C.J., NOT PARTICIPATING.**

**McRAE, JUSTICE, SPECIALLY CONCURRING:**

¶12. Because the majority fails to address the issues raised by the Appellant on appeal in light of our decision in *Robinson v. Indianola Municipal Separate School District,* 467 So. 2d 911 (Miss. 1985), I join in the results only.

¶13. Garrard and other landowners whose property abuts the American Legion Hut site asserted that the lower court erred in failing to find that the city violated its own zoning ordinance, and further, that it was barred by res judicata and judicial estoppel from acting contrary to earlier, unappealed decisions made to tear down the dilapidated building. In *Robinson*, where we found that a school district must follow zoning ordinances established by the city, we reiterated that "a city may not ignore, but must abide by, its own ordinance in granting an exception to a zoning requirement." 467 So. 2d at 917 (citing *Kynerd v. City of Meridian,* 366 So. 2d 1088 (Miss. 1979)). Thus, regardless of whether use of a building in a city park is a discretionary function, the circuit court erred in merely dismissing the complaint on that ground.

1. This refers to a lawsuit brought by the Oceans Springs American Legion and Jaycees (tenants of the American Legion Hut) against the City of Ocean Springs (the Hut's owners). In this suit the American Legion and Jaycees claimed that the City acted wrongly when it unilaterally rescinded their 1983 American Legion Hut lease agreement. The chancellor disagreed, granting summary judgment for the City. The American Legion and Jaycees then appealed to this Court which reversed the Chancellor's decision and remanded for further findings on May 9, 1990. *American Legion Ladnier Post Number 42, Inc. V. City of Ocean Springs*, 562 So. 2d 103 (Miss. 1990). The outcome of this case on remand is not present in the record. However, as the underlying lease was to expire in 1992, the result of that case should not

affect the case at bar.