GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. The Rankin Group, Inc. (“Rankin”) petitioned the Circuit Court of Rankin County to issue a writ of mandamus to require the City of Richland (“the City”) to sign and file a bill of exceptions. The circuit court dismissed the petition for the writ of mandamus, because Rankin did not appeal the City’s decision within ten days as required under Mississippi Code Annotated section 11-51-75 (Rev.2002). Rankin now appeals the dismissal and argues that: (1) the time for appeal was incorrectly determined to run from the date the board adjourned the meeting — not the date the minutes were signed, and (2) the City is estopped from labeling this property a mobile home because the City has taxed it as
 
 *260
 
 a homestead since 1965. We find no error and affirm.
 

 FACTS
 

 ¶2. Rankin entered into an agreement to purchase the disputed property in June 2007. At this time, George Sanders, Rankin’s president met with the City’s building official, Jeff Sims, to discuss the property. Sims instructed Sanders to draft a proposal for improvements to the property for discussion at the City’s next meeting. Sanders attended that next meeting, but the issue of his property was tabled until the City’s following meeting.
 

 ¶ 3. The City held its regularly scheduled meeting on September 4, 2007, and recessed this meeting until September 11, 2007, at which time the meeting was adjourned. Rankin was not represented during either session. During this two-session meeting, the decision was made to demolish the structure owned by Rankin under the City’s authority to remove dilapidated buildings in an effort to clean private property pursuant to Mississippi Code Annotated section 21-19-11 (Rev. 2007). The minutes from this two-session meeting were signed by a majority of the members of the governing body of the City on September 18, 2007. The City had published a notice in the local newspaper for two consecutive weeks as required under section 21-19-11 if the property owner or his address is unknown.
 

 ¶ 4. On September 27, 2007, Rankin presented the City with a bill of exceptions to sign. However, the City refused to sign it. On October 12, 2007, Rankin petitioned the circuit court to issue a writ of mandamus to require the City to sign the bill of exceptions. The City subsequently filed a motion to dismiss. The circuit court granted the motion to dismiss Rankin’s petition because the petition was filed after the ten-day time period for appeal had passed. Because of the procedural bar, the circuit court declined to hear Rankin’s argument on the merits that this structure is actually real property — not a mobile home — and notice was improper.
 
 [1]
 

 STANDARD OF REVIEW
 

 ¶ 5. Appellate courts “review! ] errors of law, which include summary judgments and motions to dismiss, de novo.”
 
 Aldridge v. West,
 
 929 So.2d 298, 300(¶ 6) (Miss.2006) (quoting
 
 City of Jackson v. Perry,
 
 764 So.2d 373, 376(¶ 9) (Miss.2000)).
 

 ANALYSIS
 

 1. Was the time for appeal incorrectly determined to run from the date the board adjourned the meeting
 
 — not
 
 the date the minutes were signed?
 

 ¶ 6. Rankin argues that the City’s decision was not final and appealable until September 18, 2007, when the minutes of the September 4, 2007, and September 11, 2007, meetings were adopted and approved by signing. The City responds that the ten-day period for appeal begins when the meeting, where the City rendered its decision, is adjourned.
 

 ¶ 7. “This Court must apply the plain meaning of unambiguous statutes.”
 
 Ameristar Casino Vicksburg, Inc. v. Duckworth,
 
 990 So.2d 758, 760(¶ 9) (Miss.2008) (citing
 
 Richmond v. City of Corinth,
 
 816 So.2d 373, 377-78(¶ 15) (Miss.2002)).
 

 ¶ 8. We begin our inquiry by looking at the plain meaning of section 11-51-75, which provides in pertinent part:
 

 Any person aggrieved by a judgment or decision of the board of supervisors, or
 
 *261
 
 municipal authorities of a city, town, or village, may appeal within ten (10) days from the
 
 date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision,
 
 and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities.
 

 (Emphasis added). The City argues that a decision is rendered and the time for appeal begins to run once a meeting is adjourned — when a motion to adjourn is made, seconded, and approved by the majority of the board. Rankin argues that under Mississippi Code Annotated section 21-15-33 (Rev.2007), the City does not render a decision until the minutes of a meeting are signed. Once the minutes are signed and the meeting adjourned, then the ten-day time period for appeal begins to run.
 

 ¶ 9. Rankin cites
 
 South Central Turf, Inc. v. City of Jackson,
 
 526 So.2d 558, 562-63 (Miss.1988) as grounds that a matter is not finally decided and appealable until the minutes of the meeting are signed. In
 
 South Central Turf, Inc.,
 
 the supreme court was not required to decide whether the time for appeal began at the adjournment of the meeting or upon the signing of the minutes from that meeting, because the appeal was filed more than ten days after the minutes were signed.
 
 Id.
 
 at 562.
 

 ¶ 10. We look to section 21-15-33 to determine the effect and validity of municipal minutes. The statute states in part that:
 

 The minutes of every municipality must be adopted and approved by a majority of all the members of the governing body of the municipality at the next regular meeting or within thirty (30) days of the meeting thereof, whichever occurs first. Upon such approval, said minutes shall have the legal effect of being valid from and after the date of the meeting.
 

 Miss.Code Ann. § 21-15-33. The minutes must be approved at the next meeting or within thirty days, and once approved, the “minutes shall have the legal effect of being valid from and after the date of the
 
 meeting.” Id.
 
 (emphasis added). Rankin argues that
 
 meeting
 
 means the meeting when the minutes are approved, not the actual meeting addressed by the minutes. However, this interpretation is inconsistent with the plain language of the statute.
 

 ¶ 11. Following Rankin’s logic, if the City did not hold a regularly scheduled meeting within thirty days, but it approved the minutes within thirty days of the original meeting as required by section 21-15-33, then the minutes would have no legal effect. In this situation, there would be no
 
 meeting
 
 within Rankin’s interpretation of section 21-15-33 to mark the legal effect of the minutes. Rankin’s argument is without merit.
 

 ¶ 12. The ten-day time period for appeal began when the City adjourned the meeting on September 11, 2007, after making a decision about the property. Finding no error, we affirm.
 

 2. Is the City estopped from labeling this structure a mobile home because the City has taxed it as a homestead since 1965?
 

 ¶ 13. Rankin argues that the City is estopped from removing this structure as a mobile home under section 21-19-11, because the City has taxed this property as a homestead — not a mobile home — since 1965. The City argues that the timeliness of the appeal is dispositive, and the underlying merits are irrelevant.
 

 
 *262
 
 ¶ 14. The supreme court has held that “[w]hen an appeal and bill [of] exceptions are not filed within the prescribed 10 days from the day of adjournment of the board of supervisors^] session, neither the circuit court nor [the appellate court] has jurisdiction [to] consider the appeal.”
 
 House v. Honea,
 
 799 So.2d 882, 883(¶ 9) (Miss.2001) (citing
 
 Moore v. Sanders,
 
 569 So.2d 1148, 1150 (Miss.1990)). As discussed, Rankin’s appeal was filed outside the ten-day period allowed by section 11-51-75.
 

 ¶ 15. Rankin’s failure to file the appeal within ten days determines the outcome of this appeal. We affirm the circuit court’s dismissal based on its lack of jurisdiction due to Rankin’s failure to timely appeal.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Under Mississippi Code Annotated section 21-19-20 (Supp.2008), the real property statute, the property owner is entitled to thirty-days notice and a hearing in circuit court.