BARNES, J.,
for the Court:
¶ 1. William Alias, Jr. appeals the judgment of the Circuit Court of Lafayette County that upheld the City of Oxford’s grant of a zoning variance to Richard Elam for construction of a privacy fence which bordered his and Alias’s residential property. After a careful review of the *1115 record, we find the circuit court lacked jurisdiction to hear the appeal from the City of Oxford’s Planning Commission; thus, the case is not properly before this Court. Accordingly, we vacate the circuit court’s judgment and dismiss the appeal for lack of jurisdiction.
STATEMENT OF THE CASE AND PROCEDURAL HISTORY
¶ 2. Alias and Elam are neighbors in the Grand Oaks subdivision in Oxford, Mississippi. This case arose as a dispute over a privacy fence that Elam wanted to erect along his driveway adjacent to Alias’s property. Elam’s lot, number 213, is a peculiar flag-shaped lot, with his driveway forming the “pole” of the flag and running between lots 212 and 214. Alias owns Lot 214. Elam’s driveway abuts Alias’s garage and utility area, and his house is set behind lot 212. In February 2007, Elam originally presented Alias with building plans for an eight-foot-tall retaining wall between the two properties. After a survey of the property and in response to concerns by Alias, Elam redesigned the project and opted to build a privacy fence instead of the retaining wall. Elam claims Alias did not object to the fence until Elam had already started building it. The record indicates Alias had, however, conferred with his attorney, and in February, Alias obtained an opinion letter from his attorney advising him on his various concerns about Elam’s retaining wall.
¶ 8. In April 2007, Elam obtained a building permit from the City of Oxford (“City”) for the project; the City’s Director of Planning and Development, Tim Akers (“Director”), originally interpreted the City’s Land Development Code (“Code”) to allow Elam’s eight-foot-tall privacy fence in a location identified as the “side yard.” Soon after building had commenced and fence footings had been installed, however, the Director issued Elam a stop work order. After objection from Alias’s attorney, the Director decided the property where Elam planned to build the fence was the “front yard,” and not the “side yard.” The Code does not allow a solid fence in the “front yard” to exceed thirty inches.[1] Therefore, Elam applied for a five-and-one-half-foot height variance to the Code for the fence from the City of Oxford’s Planning Commission (“Commission”), as required, to complete the project.
¶ 4. The Director recommended the variance be granted. On May 14, 2007, at the Commission’s regular meeting, the Commission granted Elam’s variance, with the express condition that the fence would not extend beyond the front elevation of either structure (of lots 212 and 214) located on either side of Elam’s driveway. The Commission approved the minutes at its June 11, 2007, meeting.
¶ 5. On June 14, 2007, Alias filed a notice of appeal and a bill of exceptions with the Circuit Court of Lafayette County. The circuit court affirmed the Commission’s decision, entering a judgment in favor of the City on March 11, 2008. Alias filed a notice of appeal of that judgment on April 4, 2008.
¶ 6. On March 17, 2009, this Court rendered its decision in Rankin Group v. City of Richland, 8 So.3d 259, 261 (¶ 12) (Miss. Ct. App.2009), holding that the ten-day period in Mississippi Code Annotated section 11-51-75 (Rev.2002) for filing a notice of appeal from the decision of municipal authorities runs from the date of the meet *1116 ing in which the decision was made and not from the date the minutes of the meeting were approved. The City raises for the first time before this Court the untimeliness of Alias’s appeal.
ANALYSIS
¶ 7. Although Alias raises several issues regarding the propriety of the variance granted to Elam, we only find it necessary to address whether the case is properly before this Court. Jurisdiction is a question of law; thus, this Court’s review is de novo. Busby v. Anderson, 978 So.2d 637, 639 (¶ 6) (Miss.2008) (citing RAS Family Partners, LP v. Onnam Biloxi, LLC, 968 So.2d 926, 928 (¶ 8) (Miss.2007)).
¶ 8. In its brief before this Court, the City raises for the first time the issue of whether the circuit court had jurisdiction to hear the appeal from the Commission. Citing Ranlcin Group, the City argues that Alias’s appeal to the circuit court was untimely because Alias did not file the notice of appeal within ten days of the City’s decision to grant the variance, as required by section 11-51-75, which provides in part:
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities ... may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities.
Therefore, the City argues, because Alias’s notice of appeal to the circuit court was untimely filed, this Court must dismiss the appeal for lack of jurisdiction.
¶ 9. Alias counters that the City has waived this issue because it was raised for the first time before this Court, instead of before the circuit court. Alias points out that even the circuit court, in its order, stated that Alias’s “appeal was timely perfected,” [2] and the City did not file a cross-appeal from this ruling. Citing Duvall v. Duvall, 224 Miss. 546, 551-52, 80 So.2d 752, 753-54 (1955), Alias states in his brief that: “While subject matter jurisdiction cannot be waived, other types of jurisdiction can be waived.”[3] He contends that the timeliness of an appeal can be waived.
¶ 10. The timeliness of an appeal is jurisdictional, and this Court must always acknowledge its own lack of jurisdiction. Michael v. Michael, 650 So.2d 469, 471 (Miss.1995) (citing Common Cause of Miss. v. Smith, 548 So.2d 412, 414 (Miss.1989)). See also David G. Knibb, Federal Court of Appeals Manual, § 7:1 (5th ed. 2007) (“Filing your appeal on time is critical because a timely notice of appeal is jurisdictional, and timeliness cannot be waived or dispensed with by the parties or by court order.”). It is well established that if the appealing party has no right to appeal, the appellate court should dismiss the appeal on its own motion. 5 Am. *1117 Jur.2d Appellate Review § 804 (2007). See also Smith v. Smith, 221 Miss. 180, 183, 72 So.2d 230, 231 (1954) (If the appeal not authorized by statute, the reviewing court may on its own motion question whether the order of lower court is appeal-able.); Baham v. Sullivan, 924 So.2d 580, 582 (¶ 10) (Miss.Ct.App.2005) (appellate court always has the responsibility to determine its jurisdiction). Moreover, the Mississippi Supreme Court has specifically held that: “Where an appeal is not perfected within the statutory time constraints [of section 11-51-75] no jurisdiction is conferred on the appellate court; and the untimely action should be dismissed.” Bowen v. DeSoto County Bd. of Supervisors, 852 So.2d 21, 23 (¶ 3) (Miss.2003) (quoting Newell v. Jones County, 731 So.2d 580, 582 (¶ 10) (Miss.1999)).
¶ 11. In Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), the United States Supreme Court made clear that “the timely filing of a notice of appeal in a civil case is a jurisdictional requirement” and that the Supreme Court “has no authority to create equitable exceptions to jurisdictional requirements” which Congress has established. Bowles dealt with the belated appeal of a denial of a state prisoner’s petition for habeas corpus-a civil action-before the district court. Id. at 206-08, 127 S.Ct. 2360. The prisoner failed to file a timely notice of appeal, but moved to reopen the appeal under a federal statute. The district court granted the motion but gave the prisoner seventeen days to file his notice of appeal, which was beyond the fourteen days mandated by the pertinent statute. The United States Court of Appeals for the Sixth Circuit held that the prisoner’s appeal was untimely filed; thus, the court lacked jurisdiction and dismissed the case. Id. at 207, 127 S.Ct. 2360. The Supreme Court agreed, rigidly applying the doctrine that appealing within the time constraints of a statute in a civil case is “mandatory and jurisdictional,” and thus cannot be waived. Id. at 209, 214-15, 127 S.Ct. 2360.
¶ 12. The Mississippi Supreme Court has held, time and again, that the ten-day time limit of section 11-51-75 is “both mandatory and jurisdictional.” See, e.g., Ball v. Mayor and Board of Aldermen of City of Natchez, 983 So.2d 295, 299 (¶ 8) (Miss.2008) (citing Bowen, 852 So.2d at 23 (¶ 3); City of Madison v. Shanks, 793 So.2d 576, 581 (¶ 19) (Miss.2000); Newell, 731 So.2d at 582 (¶ 10)). Alias claims that the question of timeliness is not a question of subject-matter jurisdiction and, therefore, can be waived. He insists that the circuit court had the power to hear “cases of the general nature raised by the appeal below” and that the subject matter of this case was within the circuit court’s “exclusive jurisdiction.” However, Alias’s argument misses the point that when a circuit court sits as an appellate court, and not as a court of general jurisdiction, the jurisdiction provided by section 11-51-75 is akin to subject-matter jurisdiction and cannot be waived. In this case, the circuit court’s jurisdiction was provided solely by section 11-51-75 and was not within the circuit court’s general jurisdiction. See S. Cent. Turf, Inc. v. City of Jackson, 526 So.2d 558, 561 (Miss.1988) (stating that “exclusive jurisdiction” was in the circuit court for an appeal from a decision of the municipality under section 11-51-75). The time limit is, thus, “mandatory and jurisdictional.”
¶ 13. Alias cites to two cases in support of his proposition that the timeliness of an appeal to the circuit court under section 11-51-75 can be waived: City of Jackson v. Calcote, 910 So.2d 1103 (Miss.Ct.App.2005) and Garrard v. City of Ocean Springs, 672 So.2d 736 (Miss.1996). Calcote involved a complaint against the City *1118 of Jackson alleging police officers had used excessive force when responding to a domestic-disturbance call. Calcote, 910 So.2d at 1106 (¶ 1). The Hinds County Circuit Court ruled against the City, finding the officers’ actions were within the scope of their employment but not reasonable or in good faith. Id. at 1108 (¶ 10). The City of Jackson’s appeal was heard by this Court, where Calcóte argued for the first time in response to the City’s brief that the appeal should be dismissed because the City had failed to appeal within thirty days of the entry of the judgment as provided in Mississippi Rule of Appellate Procedure 4(a). Id. at (¶¶ 10, 12, 14). The circuit court rendered a verdict on April 16, 2003, and the City filed its notice of appeal on May 30, 2003. Id. at (¶ 14). This Court stated that it was insufficient for Calcóte to challenge the timeliness of an appeal after the appeal was “otherwise proper and before this Court.” Id. at 1109 (¶ 17).
¶ 14. Calcóte, however, is distinguishable from this case. In Calcote, this Court noted that the record suggested that the City of Jackson had successfully moved the circuit court for an extension of time to file its appeal under Mississippi Rule of Appellate Procedure 4(g).[4] Id. at 1108 (¶ 14). While the order permitting the extension of time was not a part of the record, Calcóte was actually challenging the circuit court’s grant of the out-of-time appeal. Id. at (¶ 13). We stated that he should have challenged the extension before the circuit court in order for it to reconsider the decision. The extension of time had been granted by the trial court, and the case was, thus, “otherwise proper and before this Court.” Id. at 1109 (¶¶ 16-17). In the instant case, we note section 11-51-75 makes no provision for an out-of-time appeal, and we cannot find that the appeal is “otherwise proper.”
¶ 15. In Garrard, 672 So.2d at 737-38, Joseph B. Garrard appealed from a circuit court order that stated it had no jurisdiction to review a decision by the City of Ocean Springs made at a meeting on February 20, 1990. The supreme court noted the minutes of this meeting were approved at a city council meeting on March 6, 1990. Id. at 737. On October 22, 1991, Garrard and others filed a bill of exceptions in the circuit court, appealing the decision made by the City. Id. In April 1992, the circuit court entered an order stating the City’s decision was a valid discretionary decision within its authority and is not properly the subject of the appeal; therefore, the appeal was dismissed. Id. at 738. In reversing and remanding the circuit court’s order of dismissal, the supreme court stated that the circuit court’s order of dismissal was unclear and possibly based on the mistaken belief that the court was without jurisdiction to hear the case. Id.
¶ 16. Alias argues that timeliness under section 11-51-75 “can be waived [and] is strongly suggested by the absence of this issue” in Garrard. This contention of error is without merit. It is a long-standing legal principle that a decision is not precedent for a legal point if that point is not considered by the reviewing court. See Craig v. Brown & Williamson Tobacco Corp., 190 Miss. 360, 360, 200 So. 446, 447 (1941). The supreme court never mentioned the issue of timeliness; thus, this case cannot stand for the proposition that timeliness of an appeal under section 11-51-75 can be waived.
¶ 17. Next, Alias cites to Gale v. Thomas, 759 So.2d 1150, 1157-59 (¶¶ 31-40) (Miss.1999) for the proposition that the failure of the municipal defendant to file a *1119 cross-appeal bars it from raising a jurisdictional issue on appeal.[5] In that case, the driver, Nancy Gale, sued the municipality for injuries sustained in an automobile accident with a police officer. Id. at 1151 (¶ 2). After the trial court granted summary judgment for the municipality and the police officer finding them immune, the driver appealed, and the municipality and police officer raised for the first time that Gale was not in compliance with the notice requirements of the Mississippi Tort Claims Act. Id. at 1152 (¶¶ 4, 6). Regarding the MTCA’s notice requirements and jurisdiction, the supreme court stated:
This Court has not addressed the issue of whether the question of compliance with the notice provisions of the MTCA may be raised for the first time on appeal. Despite this Court’s statements that compliance with the notice requirements is a jurisdictional issue ... it is the conclusion of this Court that the City ... [is] precluded from raising this issue for the first time on appeal. As this Court has stated, time and again, an issue not raised before the lower court is deemed waived and is procedurally barred.
Id. at 1159 (¶ 40). Recently, however, in Stuart v. University of Mississippi Medical Center, 21 So.3d 544, 550 (¶ 11) (Miss. 2009), the supreme court specifically held that the “notice requirements in the MTCA are not jurisdictional” and, therefore, are “waivable,” overruling a line of cases which held that the MTCA’s notice provisions are jurisdictional requirements. Alias’s citation of a MTCA case for the proposition that lack of jurisdiction is waivable is, thus, without merit.
¶ 18. Lastly, Alias argues that regardless of the waiver issue, his appeal was timely, as Rankin Group was “wrongly decided” by this Court. We disagree. Alias claims he had ten days from the date the minutes were approved or signed, on June 11, to file his appeal, rather than ten days from the adjournment of the meeting in which the decision was made. However, Rankin Group clearly held that in a municipality’s decision to demolish a structure on a citizen’s property, the ten-day time period for an appeal under section 11 — 51— 75 began to run when the meeting from which the decision originated was adjourned, not from when the minutes were approved or signed. Rankin Group, 8 So.3d at 261 (¶ 12). In looking at the plain meaning of the statute, this Court stated that section 11-51-75 clearly states that the appeal of a board of supervisors’ or municipality’s decision may be taken “within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision.” Id. at 260-61 (¶ 8). Importantly, this Court looked to Mississippi Code Annotated section 21-15-33 (Rev.2007) to determine when municipal minutes become effective and valid. Id. at 261 (¶ 10). This statute states that the municipal minutes must be adopted and approved by the next regular meeting or within thirty days of the meeting, whichever is first; and “[u]pon such approval, said minutes shall have the legal effect of being valid from and after the date of the meeting.” Miss.Code Ann. § 21-15-33 (emphasis added). In Rankin Group, this Court rejected the contention that “the meeting” in section 21-15-33 means the meeting when the minutes were *1120 approved. Rankin Group, 8 So.3d at 261 (¶ 10). We explained that if this were so, and if the municipality at issue did not hold a regularly scheduled meeting within thirty days, but instead merely approved the minutes within thirty days without a meeting, the minutes would have no legal effect. Id. at (¶ 11). Thus, Rankin Group concluded that the ten-day period for an appeal began when the City adjourned the meeting after making the decision on the property. Id. at (¶ 12). We reject Alias’s contention that the rule advanced by Rankin Group “makes no sense.”
¶ 19. We further reject Alias’s contention that Rankin Group disregards longstanding and controlling Mississippi Supreme Court precedent. Alias cites to three cases that he claims “consistently viewed finality of a [municipal] decision as dating from when the minutes were approved” for purposes of appealing under section 11-51-75: South Central Turf, Inc., 526 So.2d at 562-63; City of Oxford v. Inman, 405 So.2d 111, 114 (Miss.1981); and Gatlin v. Cook, 380 So.2d 236, 237-38 (Miss.1980).
¶ 20. In Rankin Group, this Court expressly rejected that South Central Turf stood for the proposition that a matter is not finally decided and appealable until the minutes of the meeting are signed. In South Central Turf, “the supreme court was not required to decide whether the time for appeal began at the adjournment of the meeting or upon the signing of the minutes from that meeting, because the appeal was filed more than ten days after the minutes were signed.” Rankin Group, Inc., 8 So.3d at 261 (¶ 9). We find Inman is not on point as the decision concerns the effective date of an ordinance under Mississippi Code Annotated section 21-13-11 (Rev.2007), and not the appealability of a municipal decision memorialized by minutes under section 21-15-33. See Inman, 405 So.2d at 114. Finally, Gatlin concerns whether the municipality had the authority to remand a petition to rezone property to the planning board for a rehearing after the city council had adopted an ordinance to rezone the property and after an appeal was perfected in the circuit court. Gatlin, 380 So.2d at 237. Gatlin does not address the issue of whether the minutes must be adopted before a municipal decision becomes final; in fact, the term “minutes” does not appear in the opinion. The remaining cases cited by Alias concern whether some other event affects the finality of the municipality’s decision, such as the execution of a contract (J.H. Parker Construction Co. v. Board of Aldermen of the City of Natchez, 721 So.2d 671, 673-74 (¶¶ 9-11) (Miss.1998)), a mayoral veto (City of Madison v. Shanks, 793 So.2d 576, 580-81 (¶¶ 16-24) (Miss.2000)), or a board vote (Ball, 983 So.2d at 298-99 (¶ 7)). Alias has suggested no additional event, other than execution of the minutes, that could have delayed the appealability of the City’s decision in this case. Thus, we find these cases distinguishable.
¶ 21. The dissent is of the opinion that Rankin Group’s assessment of section 21-15-33 that municipal minutes become final and have “legal effect” at the actual meeting the decision occurred conflicts with City of Biloxi v. Cawley, 278 So.2d 389 (Miss.1973). We disagree. Cawley dealt with whether an annexation ordinance had been properly adopted when the minutes of the city commission were signed by the mayor and clerk within ten days after the adjourned regular meeting at which the ordinance was adopted. The supreme court found it had. Id. at 390. At issue was whether the minutes were timely signed and when they became effective. The statute at issue in Cawley, the former version of 21-15-33, Mississippi Code of 1942 Annotated section 3374-72 (Supp.1971), stated:
*1121 The minutes of every municipality must be signed by the mayor or a majority of all the members of the governing body of the municipality within ten (10) days of the meeting thereof, and upon such signing said minutes shall have the legal effect of being valid from and after the date of the meeting. All minutes signed after ten (10) days from the date of the meeting shall be valid from and after the date of such signing.
Cawley, 278 So.2d at 890-91 (emphasis added).[6] Because the city commission had, “[b]y appropriate recessing orders” continued in regular session with meetings over a two-week period once they convened, having meetings on five different days, the questions in Cawley were when the ten days began to run — from the date of the regular meetings’ convening or adjournment — and from which “meeting” did the minutes become effective. Id. at 391-92. The supreme court distinguished between adjourned and recessed regular meetings, and special meetings, and held that the above meetings were all adjourned regular meetings from the first convened meeting. Id. at 391. The supreme court concluded that the minutes were effective “from and after the date of the meeting” which meant the date of final adjournment. Id. at 392. This holding in no way conflicts with Rankin Group.
¶ 22. Here, we did not have one regular meeting that was recessed over a period of weeks, but the Commission’s regular meetings held on a monthly basis. There is no issue as to whether these meetings were adjourned or special meetings: both meetings at issue were regular meetings. At one meeting, the decision to approve the variance was made; and at the next meeting, the minutes from the previous meeting were approved. The meeting where the decision was made was the “final adjournment” of that particular meeting, and it was when the decision became final. We also note that Cawley does not state, as the dissent claims, that “actions are not final until the minutes are signed,” but that this alternative occurred only if the minutes were signed more than ten days after final adjournment, according to section 3374-72’s savings clause. See Cawley, 278 So.2d at 392.
¶23. This last point evidences that Cawley actually supports, rather than undermines, our holding in Rankin Group. The Mississippi Supreme Court explained that if the minutes were not signed within the ten days, “they were not void, but, under the ‘saving clause’ of the statute, would be valid from the time of signing. The signing ‘within ten (10) days of the meeting’ is a condition precedent for the minutes to date back and become valid from and after the date of the meeting.’ ” Cawley, 278 So.2d at 392 (emphasis added). As we held in Rankin Group, “meeting” is the original meeting at which the decision was taken, not the meeting at which the minutes were signed. If signed within the now thirty days set by statute, the minutes “date back” and are valid as of the date of the original meeting. See id.
¶ 24. We reaffirm our decision in Rankin Group and conclude that because Alias’s notice of appeal was not filed within ten days of the adjournment of the meeting on May 14, 2007, when the variance was granted, the circuit court lacked appellate jurisdiction to hear the appeal under section 11-51-75. Accordingly, this Court lacks jurisdiction as well and must dismiss the appeal.
*1122 ¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS VACATED AND THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE AND ROBERTS, JJ„ CONCUR. CARLTON, J., DISSENTS WITH A SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.

. Based on the unique location of Elam's home, the entire driveway is in his "front yard.”

. In its appellate brief before the circuit court, the City argued that Alias did not timely perfect his appeal' because Alias’s bill of exceptions lacked an official signature as required by section 11-51-75 and contained inaccurate information. Alias filed a second amended bill of exceptions in September 2007, which rectified these defects.

. Alias argues that Duvall stands for the proposition that other types of jurisdiction, such as timeliness, can be waived. However, Duvall did not deal with the timeliness of an appeal, but whether the chancery court had subject-matter jurisdiction to hear a suit for property division when the court denied the separate-maintenance action. Thus, the general statement of the law that Alias cites from Duvall, while correct, is not controlling here.

. Rule 4(g) allows the trial court to extend the time for filing a notice- of appeal upon a motion not later than thirty days after the expiration of the time.

. Failure to file a cross-appeal is of no import if there is no jurisdiction, because this Court must consider the lack of jurisdiction on its own motion. See, e.g., M.W.F. v. D.D.F., 926 So.2d 897, 898 (¶ 2) (Miss.2006) (on writ of certiorari, the supreme court found this Court lacked jurisdiction to consider appeal, vacated this Court's judgment and dismissed appeal where question of jurisdiction had never been raised before this Court).

. By 1991 revision, the time for signing minutes was changed to thirty days, and the final sentence, referred to as a "savings clause” in Cawley, was deleted. See Miss. Gen. Laws Ch. 552, Section 2 (1991); Cawley, 278 So.2d at 392.