# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-SA-01364-COA

**GLOBE METALLURGICAL, INC.**                                   **APPELLANT**

**v.**

**MISSISSIPPI ENVIRONMENTAL QUALITY**                     **APPELLEES**
**PERMIT BOARD AND MISSISSIPPI SILICON,**
**LLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2014 |
| TRIAL JUDGE: | HON. C. MICHAEL MALSKI |
| COURT FROM WHICH APPEALED: | TISHOMINGO COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | KAREN ELIZABETH HOWELL |
| | WILLIAM DEMENT DRINKWATER |
| ATTORNEYS FOR APPELLEE: | LEE DAVIS THAMES JR. |
| | DONNA J. HODGES |
| | REBECCA LEE WIGGS |
| | KEITH W. TURNER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED - 05/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**ISHEE, J., FOR THE COURT:**

¶1.     Mississippi Silicon LLC was granted a permit by the Mississippi Department of Environmental Quality Permit Board to construct and operate a facility that would manufacture silicon metal and silica fume in Burnsville, Mississippi. On February 12, 2014, Globe Metallurgical Inc., a competitor of Mississippi Silicon, requested a formal hearing on the permit. The Permit Board denied Globe's request as untimely. Globe appealed to the

Tishimingo County Chancery Court, and the court agreed that Globe's request was untimely. Aggrieved, Globe appeals. Finding no error, we affirm.

**FACTS**

¶2. The Legislature created the Mississippi Department of Environmental Quality (MDEQ) "to conserve, manage, develop and protect our natural resources and wildlife . . . ." Miss. Code Ann. § 49-2-1 (Rev. 2012). "The Permit Board . . . shall be the exclusive administrative body to make decisions on permit issuance, reissuance, denial, modification or revocation of air pollution control and water pollution control permit . . . ." Miss. Code Ann. § 49-17-29(3)(a) (Rev. 2012). The MDEQ executive director can act on behalf of the Permit Board, and the "executive director shall report all permit decisions to the Permit Board at its next regularly scheduled meeting and those decisions shall be recorded in the minutes of the Permit Board." *Id*.

¶3. On August 16, 2013, Mississippi Silicon applied to the Permit Board for a prevention-of-significant-deterioration permit to construct and operate a facility for manufacturing silicon metal and silica fume in Burnsville. MDEQ posted a draft permit for public notice and comment on its website from October 24, 2013, until November 22, 2013. During this time period, the Permit Board received suggestions from the United States Department of Agriculture and the Environmental Protection Agency and adjusted the permit accordingly.

¶4. Because it received no requests for a formal hearing during the notice and comment

period, the Permit Board was not mandated to conduct a formal hearing and chose not to do so. On November 27, 2013, Mississippi Silicon was issued a permit. The executive director of the MDEQ reported the decision to grant Mississippi Silicon its permit at the next monthly meeting of the Permit Board, held December 10, 2013. The Permit Board accepted, with no objection, the grant of Mississippi Silicon's permit and recorded it in the minutes. At its next meeting on January 14, 2014, the Permit Board ratified and approved the minutes of its December 10, 2013 meeting with no changes. The Mississippi Silicon permit was not discussed at this meeting.

¶5. On February 12, 2014, Globe submitted a request for a formal hearing on Mississippi Silicon's permit. Looking to the applicable statutes and regulations, the executive director determined that the thirty-day time period for an aggrieved party to request a formal hearing "shall be calculated from the date of the Permit Board meeting at which the decision of the [e]xecutive [d]irector or his delegate is accepted by the Permit Board." Miss. Admin. Code 11-3-1:III. The executive director determined that the Permit Board accepted the Mississippi Silicon permit's issuance at the December 10, 2013 meeting. As such, Globe's request for a formal hearing was denied.

¶6. Globe filed an administrative appeal and complaint against the Permit Board in the chancery court on March 11, 2014, arguing that its request for a formal hearing was timely. Globe argued that the Permit Board's January 14, 2014 ratification of the previous meeting's minutes constituted the final action on Mississippi Silicon's permit and, thus, was the actual

start of the thirty-day time period. Using the January 14, 2014 meeting as a starting point, Globe asserted that its February 12, 2014 request would be timely.

¶7. The Permit Board filed a motion to dismiss and for summary judgment, as did Mississippi Silicon after its motion to intervene in the proceedings was granted. The chancery court held that Globe's request for a formal hearing was untimely. The chancery court gave deference to the Permit Board's interpretation of the regulations, agreeing that the Permit Board took action on Mississippi Silicon's permit on December 10, 2013, when it approved the permit. Accordingly, the chancery court granted summary judgment in favor of the Permit Board and Mississippi Silicon. Aggrieved, Globe now appeals.

## DISCUSSION

### I. Timeliness of Globe's Request for a Formal Hearing

¶8. Globe challenges the chancery court's finding that Globe's request for a formal hearing on Mississippi Silicon's permit was barred as untimely. In reviewing the chancery court's grant of summary judgment, this Court applies a de novo standard of review. *Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1275 (¶6) (Miss. 2006). However, this Court affords "great deference to an administrative agency's construction of its own rules and regulations and the statutes under which it operates." *Smith v. Univ. of Miss.*, 797 So. 2d 956, 959 (¶10) (Miss. 2001). This Court will only overturn an agency's interpretation when it is "so plainly erroneous or so inconsistent with either the underlying regulation or statute as to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Limbert v.*

4

*Miss. Univ. for Women Alumnae Ass'n*, 998 So. 2d 993, 1000 (¶16) (Miss. 2008).

¶9.     Globe's primary contention is that the Permit Board incorrectly interpreted Mississippi Code Annotated section 49-17-29(4) when it found Globe's request for a formal hearing untimely. That section reads in relevant part as follows:

> Within thirty (30) days after the date the Permit Board *takes action* upon permit issuance, reissuance, denial, modification or revocation, as recorded in the minutes of the Permit Board, any interested party aggrieved by that action may file a written request for a formal hearing before the Permit Board.

Miss. Code Ann. § 49-17-29(4)(b) (emphasis added). The parties and the chancery court both recognized that no Mississippi case has yet addressed the meaning of "takes action" in the context of section 49-17-29(4)(b). Globe argues that because an agency acts through its finalized minutes, the Permit Board did not officially "take action" until the minutes of the December 10, 2013 meeting were ratified on January 14, 2014. We disagree.

¶10.    Globe is correct in its assertion that the Mississippi Supreme Court has often held that "boards of supervisors and other public boards speak only through their minutes and their actions are evidenced solely by entries on the minutes." *Thompson v. Jones Cty. Cmty. Hosp.*, 352 So. 2d 795, 796 (Miss. 1977). But the *Thompson* case, cited by Globe in support of its argument, makes no mention of a requirement of ratification of minutes at a subsequent meeting. The Permit Board and Mississippi Silicon note that the minutes, as recorded on December 10, 2013, show that the Permit Board took action when it voted to approve Mississippi Silicon's permit. Following *Thompson*, the Permit Board's action would be evidenced by the December 10, 2013 minutes.

¶11.    The regulation that the Permit Board relied upon in order to conclude that Globe's

request for a formal hearing was time-barred reads as follows:

> The time period in which an aggrieved party may file a request for a formal
> hearing before the Permit Board concerning a [d]elegated [p]ermit action or
> a [d]elegated [s]urface [m]ining [p]ermit action taken by the [e]xecutive
> [d]irector or his delegate shall be calculated from the date of the Permit Board
> meeting at which the decision of the [e]xecutive [d]irector or his delegate is
> accepted by the Permit Board.

Miss. Admin. Code 11-1:4.3.  Accordingly, the date where a decision is made regarding a

permit is the date the Permit Board "takes action" on the permit.  This Court has upheld such

a characterization in the similar context of municipal-board decisions.  *See Rankin Grp. v.*

*City of Richland*, 8 So. 3d 259, 261 (¶10) (Miss. Ct. App. 2009) (The minutes must be

approved at the next meeting or within thirty days, and once approved, the minutes shall have

the legal effect of being valid from and after the date of the meeting.) (quotations omitted);

*see also Alias v. City of Oxford*, 70 So. 3d 1114, 1121 (¶23) (Miss. Ct. App. 2010)

("[M]eeting [means] the original meeting at which the decision was taken, not the meeting

at which the minutes were signed.").  We find the Permit Board's interpretation of the statute

reasonable and do not find the chancery court's actions were arbitrary, capricious, an abuse

of discretion, or not in accordance with the law.  This issue is without merit.

> II.    *Applicability of Section 49-17-29 and Mississippi Code Annotated Section 49-*
> *17-41 (Rev. 2012)*

¶12.    Globe also challenges the chancery court's determination that the appeal provisions

of Mississippi Code Annotated sections 49-17-29 and 49-17-41 provide the applicable

framework for the present case. Globe contends that the chancery court improperly applied the appeals process of section 49-17-29 to the case at hand, arguing that this section provides no scheme for appeal where no decision was made or action was taken by the Permit Board and when there has been no formal hearing. Globe cites Mississippi Code Annotated section 49-17-29(4)(c) in support of this contention, which provides as follows:

> Within twenty (20) days after the date the Permit Board takes action upon permit issuance, reissuance, denial, modification or revocation after a formal hearing under this subsection as recorded in the minutes of the Permit Board, any person aggrieved of that action may appeal the action as provided in subsection (5) of this section.

Globe also points to the entire section 49-17-29 to reflect that there is no process through which an aggrieved party may appeal a decision of the Permit Board when a formal hearing has not been held.

¶13. This case presents a unique issue in that there is truly no relief for Globe's inaction. Globe is appealing its lost opportunity to request a formal hearing within the thirty-day time period established by statute. The Permit Board's denial was based on the interpretation of section 49-17-29(4)(b) that found Globe's request was not timely filed. The purpose of section 49-17-29(4)(b) is to establish the procedure for requesting a formal hearing, inherently including the date from which no more requests for a formal hearing will be received. Section 49-17-29(4)(b) states:

> Within thirty (30) days after the date the Permit Board takes action upon permit issuance, reissuance, denial, modification or revocation, as recorded in the minutes of the Permit Board, any interested party aggrieved by that action may file a written request for a formal hearing before the Permit Board. An

interested party is any person claiming an interest relating to the property or project which is the subject of the permit action, and who is so situated that the person may be affected by the disposition of that action.

In other words, this section provides finality to allow the permitting process to continue.

¶14. In essence, Globe is attempting a back-door manuever to allow itself to be heard. Globe had opportunity to voice its concerns about Mississippi Silicon's permit. The permit was open for notice and comment for approximately a month before it was issued. Globe failed to make any comments or raise any concerns. After the permit was approved by the Permit Board, Globe again had time to request a formal hearing. Globe failed to do so. Furthermore, we note that Globe is a sophisticated party and, in all likelihood, applies for permits itself making it familiar with the rules that apply to the permitting process. As such, the chancery court correctly applied the law, and summary judgment was proper.

¶15. The chancery court also determined that if an action by the Permit Board was not addressed with section 49-17-29, then section 49-17-41 provided an adequate framework of review. Indeed, the supreme court has held that the latter section "applies to all activities described in the chapter other than the permit process." *Miss. Comm'n on Envtl. Quality v. Parker*, 643 So. 2d 923, 929 (Miss. 1994). Because the issue at bar arises out of the permit process, and in light of our finding that Globe's failure to adhere to the time frame prohibits further review in accordance with section 49-17-29, we decline to discuss this issue, as it is moot.

¶16. **THE JUDGMENT OF THE TISHOMINGO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

**APPELLANT**.

LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON AND GREENLEE, JJ., CONCUR.  JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.  BARNES, FAIR AND WILSON, JJ., NOT PARTICIPATING.