# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CA-01865-SCT

*PEMBERTON PROPERTIES, LTD d/b/a
PEMBERTON APARTMENTS, PARK VILLA, LLC
d/b/a EAST VILLA APARTMENTS, PEARL
PARTNERS, LP d/b/a COLONY PARK
APARTMENTS, COLONY PARK II, LLC d/b/a
GRANDE AT COLONY PARK APARTMENTS,
ALBERT MOORE HOME BUILDERS, INC. d/b/a
COLONIAL TERRACE APARTMENTS, WOOD
GLEN, LLC d/b/a WOOD GLEN APARTMENTS,
STEVE MAULDING d/b/a BAVARIAN GARDEN
APARTMENTS, STEVE MAULDING d/b/a PEARL
MANOR APARTMENTS, SHEILA MAULDING
d/b/a 468 PLACE TOWNHOMES AND WPB
PROPERTIES, LLC d/b/a FOX RUN
APARTMENTS*

*v.*

*THE MAYOR AND BOARD OF ALDERMEN OF
THE CITY OF PEARL, MISSISSIPPI*


DATE OF JUDGMENT:              07/15/2015
TRIAL JUDGE:                   HON. WILLIAM E. CHAPMAN, III
TRIAL COURT ATTORNEYS:         STEVEN H. SMITH
                               SAMAC S. RICHARDSON
                               JAMES A. BOBO
COURT FROM WHICH APPEALED:     RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:      STEVEN H. SMITH
                               SAMAC S. RICHARDSON
ATTORNEY FOR APPELLEES:        JAMES A. BOBO
NATURE OF THE CASE:            CIVIL - OTHER
DISPOSITION:                   AFFIRMED - 02/09/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


   **EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Under Mississippi law, a person wishing to appeal the adoption of a city's ordinance must do so within ten days.  The primary question presented is whether—as the Mayor and Board of Aldermen of the City of Pearl (the "City") argue—the appeal period begins to run from the day of the ordinance's adoption, or—as the appellants argue—from its effective date.  We also must consider whether a circuit judge may dismiss a complaint seeking a writ of mandamus to order a city to file a bill of exceptions presented to it for review, when the circuit judge determines the bill of exceptions was not timely presented to the city.

¶2.    Because the appeal period for city ordinances begins on the date an ordinance is adopted, and because the appellants' bill of exceptions was presented to the City outside the ten-day period following the date of adoption, we find that the circuit judge in this case properly dismissed the complaint for writ of mandamus, and we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.    On June 27, 2013, the Mayor and Board of Aldermen for the City of Pearl adopted an ordinance to regulate rental housing.  The ordinance provided it would take effect thirty days after publication.  Publication did not occur until September 17, 2014.

¶4.    On January 27, 2015, the appellants—several rental-property owners—filed suit, alleging they had filed a Notice of Appeal and Intent to File Bill of Exceptions with the City Clerk of Pearl on September 26, 2014, and a Bill of Exceptions on November 14, 2014, to appeal the City's decision to adopt the rental-housing ordinance.  The complaint further

alleged the City had failed to transmit the Bill of Exceptions to the circuit clerk as required by statute, and sought a writ of mandamus ordering the City to do so.

¶5. The City moved to dismiss the complaint, arguing that it was untimely and that the circuit court lacked jurisdiction because the ten-day time for appeal ran from the adjournment of the meeting at which the City had adopted the ordinance, June 27, 2013. The circuit judge granted the motion, finding that he could not issue a writ of mandamus to order the City to file the bill because the circuit court would lack jurisdiction over the untimely appeal from the City's decision. The property owners appealed.

**ANALYSIS**

¶6. This appeal presents two questions. First, when a litigant seeks a writ of mandamus to order a municipal authority to sign and file a bill of exceptions, but the circuit judge concludes the bill of exceptions would be untimely, must the circuit judge order that the bill be signed and filed only to later dismiss that bill as untimely, or may the circuit judge dismiss the complaint for mandamus on that ground? Second, did the property owners in this case timely present their bill of exceptions to the City?

*Appeal Period*

¶7. The authority that controls this case is Mississippi Code Section 11-51-75, which provides in relevant part:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days *from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision*, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the

3

municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.[1]

¶8.     But here, the property owners argue their bill was timely because the ten-day period ran from the ordinance's effective date, not from the date the City decided to adopt the ordinance. In support of this contention, the property owners cite cases holding that an aggrieved party may not appeal a municipal decision until the decision is final.[2]

¶9.     In *Garrard v. City of Ocean Springs*, the City of Ocean Springs transferred control of the Ocean Springs American Legion Hut to the Park Commission.[3] Several aggrieved individuals appealed that decision through a bill of exceptions.[4] The circuit judge dismissed the case, finding that the City's decision was not appealable.[5] This Court reversed, finding that Section 11-51-75 broadly permits an appeal of "any act of a county or municipality leaving a party aggrieved . . . where all issues of the controversy are finally disposed of by Order of the City Council."[6] This Court then went on to say, seemingly in dicta, that had the City adopted an earlier proposed resolution regarding the hut, which stated "this action

---

[1] Miss. Code Ann. § 11-51-75 (Rev. 2012).

[2] *See* **Garrard v. City of Ocean Springs**, 672 So. 2d 736 (Miss. 1996); **J.H. Parker Constr. Co., Inc. v. Bd. of Aldermen of the City of Natchez**, 721 So. 2d 671 (Miss. Ct. App. 1998).

[3] *Garrard*, 672 So. 2d at 738–39.

[4] *Id.* at 737.

[5] *Id.* at 738.

[6] *Id.* (quoting **South Central Turf, Inc. v. City of Jackson**, 526 So. 2d 558, 561 (Miss. 1988)).

should not start until the Supreme Court has ruled on the case currently pending regarding subject building," the order would not have been final and appealable.[7]

¶10. Later, in *J.H. Parker Construction Company, Inc. v. Board of Alderman of City of Natchez*, the Mississippi Court of Appeals, relying on *Garrard*, held that the ten-day time for appeal under Section 11-51-75 does not run until the City issues a final, appealable order.[8] There, the City accepted a bid for a public construction project contingent upon approval by the Mississippi Department of Transportation and Federal Highway Administration.[9] The City argued that the ten-day time ran from the date it accepted the bid.[10] But the Court of Appeals found that, until the contingencies were removed, the City had rendered no final, appealable judgment and the ten-day time did not begin to run.[11]

¶11. But this Court's opinion in *City of Oxford v. Inman* is most directly on point.[12] There, the City of Oxford rezoned certain property and a bill of exceptions followed.[13] On appeal from the circuit court's decision to reverse the City's action, this Court considered whether the bill had been timely filed.[14] The City argued the ten-day time period ran from

---

[7] *Garrard*, 672 So. 2d at 739.

[8] *J.H. Parker Constr. Co., Inc.*, 721 So. 2d at 674.

[9] *Id.* at 673.

[10] *Id.* at 674.

[11] *Id.*

[12] *City of Oxford v. Inman*, 405 So. 2d 111 (Miss. 1981).

[13] *Id.* at 112.

[14] *Id.* at 114–15.

May 6, 1980, the date the Mayor and Board of Aldermen voted to rezone the property.[15] This Court disagreed, finding that the ten-day period ran from "the date the written ordinance was signed and adopted."[16] Notably, this Court, while noting the statutory perquisites for the ordinance to take effect, never connected the time for appeal to the effective date of the ordinance.[17]

¶12. Here, the property owners argue the ten-day time for appeal could not run until the City had rendered a final decision and that the City had not rendered an appealable decision until the ordinance took effect. But under Section 11-51-75, the property owners had to present the bill of exceptions "within ten (10) days from the date of adjournment at which session the . . . municipal authorities rendered such judgment or decision."[18] The plain, unambiguous language of the statute counts the ten-day period from the date of the completed *decision* to be appealed. Here, the bill of exceptions appeals the City's decision to adopt the ordinance, which occurred during a meeting adjourned on June 27, 2013, and was completed with the mayor's signature that same day. The City's decision was complete that day, and the ten-day time to appeal began to run.

¶13. In other words, the property owners correctly argue that the decision referenced in Section 11-51-75 is the final, appealable decision. But here, the City had rendered a

---

[15] *Id.* at 114.

[16] *Id.*

[17] *Id.* 114–15.

[18] Miss. Code Ann. § 11-51-75 (Rev. 2012).

complete decision on June 27, 2013. So, in concert with our precedent and the clear wording of the statute, we find that the bill of exceptions was not timely presented.

*Mandamus*

¶14.    When a litigant presents a bill of exceptions to the municipal authority, the "bill of exceptions . . . shall be signed by the person acting as president . . . of the municipal authorities" and "[t]he clerk thereof shall transmit the bill of exceptions to the circuit court."[19]  This Court has recognized that when municipal authorities fail to carry out these duties, a writ of mandamus is the appropriate remedy to force them to do so.[20]

¶15.    In ***Hathorn v. Morgan***, Hathorn prepared a bill of exceptions concerning a decision by the mayor—Morgan—and board of aldermen of Woodville, and presented the bill to Morgan for his signature.[21]  Morgan refused to sign the bill, believing it had not been timely presented.[22]  So Hathorn petitioned the Circuit Court of Wilkinson County for a writ of mandamus to order Morgan to sign the bill.[23]  The circuit judge sustained a demurrer to the petition, and this Court affirmed, based on Hathorn's failure to timely present the bill to the mayor.[24]  So, under ***Hathorn***, we already have held that a circuit judge may dismiss a complaint for writ of mandamus to order a City's action on a bill of exceptions if the bill was

---

[19] *Id.*

[20] *See **Reed v. Adams***, 236 Miss. 333, 111 So. 2d 222 (1959).

[21] ***Hathorn v. Morgan***, 107 Miss. 589, 65 So. 643, 644 (1914).

[22] ***Id.***

[23] ***Id.*** at 643.

[24] ***Id.*** at 643–44.

presented to the City outside the time for taking an appeal. We see no reason to disturb that precedent.

*Sanctions*

¶16. The City asks that this Court sanction the property owners for filing a frivolous appeal. According to the City, no "reasonable person would have any hope for success" with this appeal, so sanctions are appropriate.[25] The line that separates zealous advocacy and frivolous filings occasionally is difficult to discern. But in this case, we find that neither the property owners nor their counsel crossed that line. We do not find this appeal frivolous, so we deny the City's request for sanctions.

## CONCLUSION

¶17. We affirm the circuit court's decision to dismiss the property owners' complaint, and we deny the City's request for sanctions.

¶18. **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., KITCHENS, KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**

---

[25] ***Harris v. Harris***, 988 So. 2d 376, 380 (Miss. 2008).