FAIR, J.,
for the Court:
¶ 1. The Lowndes County Board of Supervisors voted to close a stretch of Co-Op Road, a paved county road near Columbus, Mississippi. A group of residents and landowners objected, contending that the road had provided the primary access to their properties and that the alternative access was too narrow.
¶ 2. On appeal, the circuit court found that the published notice of the hearing for the road closure had been insufficient. We conclude that the residents failed to take a timely appeal from the Board’s resolution. Because a timely appeal is jurisdictional, we vacate the circuit court’s decision.
FACTS
¶ 3. The portion of Co-Op Road at issue had been a railroad crossing, connecting two public roads running parallel to the tracks. A few hundred yards away, another public road provided another crossing connecting the same two roads. On October 31, 2011, the Board passed a resolution abandoning the Co-Op Road crossing. The resolution found among other things that the crossing “[did] not provide primary access to occupied premises” and “serve[d] only one land-owner who has requested abandonment.” After passing the resolution, the County erected barriers bearing “Road Closed” signs. The owner of the property on which the road had been situated, C & G Railroad, then destroyed the roadbed.
¶4. On November 30, 2011, the residents, in two groups, filed separate “Motion[s] for Reconsideration” contending, in *1093 identical language, that the Board “failed to comply with the statutory requirements of [Mississippi Code Annotated section] 65-7-121 under the four requirements for the abandonment of public roads.” [1] On February 5, 2012, the residents, now all together, submitted an “Amended Motion for Reconsideration.” This was followed by a “Second Amended Motion for Reconsideration” on February 6. The amended motions added the contention that the County should not have “closed” the road. Among other things, the residents claimed to have a private easement over the railroad crossing, and they requested that the County remove the barrier. The residents also suggested that the alternative route was too narrow to be used as a primary access to their properties.
¶ 5. On February 17, 2012, the Board, on the motion of one of its members, voted to “amend” its prior resolution to clarify that the County had not closed the road, but abandoned it.[2] The Board also ordered the barrier removed and replaced with a sign indicating the end of county maintenance. The residents filed a bill of exceptions from that decision, contending the Board acted “beyond the scope or power granted to [it] by statute, violate[d] the constitutional or statutory rights of the [landowners, and its action] is not supported by substantial evidence and/or is arbitrary and capricious.” This was supported by assertions relating to the underlying merits of abandoning the road.
¶ 6. On appeal, the circuit court was presented with competing “motions to dismiss.” The Board argued that the residents’ appeal should have been taken from the original resolution abandoning the road. In response, the residents filed a motion to amend their bill of exceptions to add the contention that they had not received sufficient notice of the October 31, 2011 hearing to abandon the road. The residents admitted that the notice had been published, but they contended it was not effective because the form of the publication — in the legal notices section of the local newspaper — was less conspicuous than the Board’s usual custom of purchasing large advertisements to announce road abandonments or temporary road closures. In support, the residents attached numerous published notices from the past few years, all of which were set off from the body of the paper by an outlined box and a larger font.
¶ 7. The circuit court found the notice of the public hearing on the closure of the Co-Op Road crossing to have been constitutionally deficient because the Board “failed to meet the fundamental requirement of publishing a notice reasonably calculated to appraise interested parties of [its] intended action.... ” The circuit court set aside the resolution abandoning the road. The County appeals from that decision.
DISCUSSION
¶ 8. Mississippi Code Annotated section 11-51-75 (Rev.2012) provides in relevant part that “[a]ny person aggrieved by a judgment or decision of the board of supervisors ... may appeal within [ten] days from the date of adjournment at which session the board ... rendered such judgment or decision .... ”
*1094 ¶ 9. “The statute’s [ten-]day time limit in which to appeal the decision of a Board is both mandatory and jurisdictional.” Newell v. Jones County, 731 So.2d 580, 582 (¶ 10) (Miss.1999) (citation omitted). “Where an appeal is not perfected within the statutory time constraints no jurisdiction is conferred on the appellate court; and the untimely action should be dismissed.” Id.; see also S. Cent. Turf, Inc. v. City of Jackson, 526 So.2d 558, 560-62 (Miss.1988). The time for an appeal under section 11-51-75 begins to run “from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision.” § 11-51-75; see also Alias v. City of Oxford, 70 So.3d 1114, 1119-20 (¶ 18) (Miss.Ct.App.2010); Rankin Group, Inc. v. City of Richland, 8 So.3d 259, 260 (¶¶ 6-12) (Miss.Ct.App.2009).
¶ 10. The residents did not file their appeal within ten days of the adjournment of the October 31, 2011 meeting. They nonetheless contend that their right to appeal was preserved because the Board effectively granted their motion for a rehearing by entertaining the residents’ concerns and passing a motion to modify the execution of the original resolution. According to the residents, acquiescence to their request for a rehearing amounted to a “waiver” of the ten-day deadline for appealing.
¶ 11. The Mississippi Supreme Court directly addressed and rejected this argument in Gatlin v. Cook, 380 So.2d 236, 237-38 (Miss.1980). In Gatlin, the Jackson City Council expressly purported to grant a rehearing, but the supreme court held that the statute does not permit rehearings; a timely appeal under section 11-51-75 is the exclusive remedy. Id.; see also Alias, 70 So.3d at 1122 (¶ 24).
¶ 12. It may be that where the required notice was not given, section 11-51-75 and its ten-day limitation can be bypassed, whether by certiorari[3] or some form of collateral attack. But that possibility has not been briefed or argued by the parties, and this Court is called upon to decide only whether this appeal, having been filed under section 11-51-75, conforms with the statute’s requirements. It does not.
¶ 13. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS VACATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. Presumably this is a reference to subsections (l)(a)-(d), though the statute sets out four independent grounds for abandoning a public road, not four requirements as the residents suggest.

. The October 2011 resolution said nothing about closing the road; it unambiguously "declare[d] [the road at issue] officially abandoned effective immediately.” Thus, the February 2012 "amendment” did not actually alter the prior resolution.

. See Miss.Code Ann. § 11-51-95 (Rev.2012).