# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-00406-SCT

*LOWNDES COUNTY, MISSISSIPPI BY AND*
*THROUGH ITS BOARD OF SUPERVISORS*

*v.*

*HAL H.H. MCCLANAHAN, III, MCCLANAHAN*
*CAMP, LLC, JULIE GARTMAN AND DENNIS*
*GARTMAN*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/2013 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| TRIAL COURT ATTORNEYS: | HAL H. H. McCLANAHAN, III |
| | TIMOTHY C. HUDSON |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY C. HUDSON |
| ATTORNEY FOR APPELLEES: | HAL H. H. McCLANAHAN, III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT OF LOWNDES COUNTY ARE REVERSED AND THE CASE IS REMANDED - 04/23/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     After the Lowndes County Board of Supervisors voted to abandon a railroad crossing, the county erected a barricade.  Residents affected by the barricade filed two separate motions for reconsideration, and the Board held a second meeting in which it affirmed the abandonment but ordered the barricade removed.  The residents filed a bill of exceptions in

the circuit court, which reversed the Board's decision to abandon the crossing. The Court of Appeals reversed the circuit court, holding it had no jurisdiction to hear the bill of exceptions. We find that, although the circuit court had appellate jurisdiction to review the Board's second decision, it lacked jurisdiction to consider the Board's original decision. So we reverse the judgments of the Court of Appeals and the circuit court, and we remand this case for the circuit court to consider only whether the Board's second order complied with the statutory procedure for abandoning a road.

**FACTS AND PROCEDURAL HISTORY**

¶2.    On September 15, 2011, C&G Railroad requested that the Board hold a public hearing about abandoning a road known as Co-Op Road, which crossed two sets of its railroad tracks. Following the meeting, the Board publicized its intent to abandon the road and crossing by placing a small ad in the middle of *The Columbus Dispatch*'s legal notices section for three consecutive weeks. This was a departure from the Board's usual custom of placing large advertisements when meeting to discuss county road abandonments and other closures.

¶3.    On October 31, the Board considered whether to abandon the crossing. None of the residents who owned land near the crossing or who regularly used the crossing was in attendance at the meeting. Hearing no opposition, the Board resolved to abandon the crossing, finding that the crossing "serve[d] only one land-owner [i.e., the railroad] who has requested abandonment of the road."

¶4.    Nearly a month later—after the county barricaded the crossing—residents affected by the abandonment learned of the Board's action. On November 30, the residents filed two

2

separate motions for reconsideration with the Board. The residents then appeared at the Board's December 5 meeting, where the Board stayed consideration of the residents' motions for reconsideration and encouraged the residents to work with the railroad to resolve the dispute about the crossing. But discussions proved fruitless, and the sides were unable to reach an agreement.

¶5. On February 3, 2012, the residents filed a joint amended motion for reconsideration, asking that the Board revisit its October 31 order at the next Board meeting scheduled for February 6. The Board revisited its prior decision and issued a new order, reaffirming its decision to abandon the crossing, but ordering the barricade removed and posted signs indicating that the county no longer maintained the crossing. On February 16, the residents filed a bill of exceptions in Lowndes County Circuit Court, challenging both the October 31, 2011, order and the February 6, 2012, order. The residents argued that both of the Board's orders should be reversed because the Board failed to comply with the statutory requirements for abandoning a road.[1]

¶6. The Board moved to dismiss, arguing that the residents' bill of exceptions was untimely because it was not filed within ten days of the Board's October 31 resolution. The residents responded with both a "Response to Motion to Dismiss and Memorandum in Support Thereof" and also a "Motion to Amend or Alternatively Dismiss the Action of the Board of Supervisors of Lowndes County, Mississippi." In the motion to amend or alternatively dismiss, the residents attached copies of the notices the Board published in

---

[1] *See* Miss. Code Ann. § 65-7-121 (Rev. 2012) (outlining the procedure a board of supervisors must follow to abandon a county road).

advance of the October 31 meeting, which were not originally attached to their bill of exceptions. The residents argued that, because the Board had failed to give adequate notice of the October 31 meeting, the circuit court should dismiss the Board's action in closing the road.

¶7. After hearing oral arguments, the circuit judge set aside the Board's original order abandoning the crossing, denied the Board's motion to dismiss, and sua sponte, granted relief on the residents' bill of exceptions.[2] The circuit judge found that the Board's actions at the October 31 meeting failed to comply with Mississippi Code Section 65-7-121 and that the Board's decision was "arbitrary, capricious[,] and without support of substantial credible evidence, fail[ed] to make a proper adjudication upon which their decision was made[,] and violated the Due Process Clause . . . ."

¶8. In particular, the circuit judge was troubled by the insufficiency of the Board's notice of its October 31 meeting. He found that "[t]he notice as published was in the smallest print or font in the portion of newspaper made exhibits," and that "[t]he [c]ourt had difficulty locating the [n]otice even though the page of the newspaper where it was printed was made an exhibit to the pleadings."

¶9. Aggrieved, the Board filed a motion for reconsideration, arguing that it had made no argument in response to the residents' bill of exceptions because it understood the scope of the hearing was to be confined to the Board's motion to dismiss. The circuit court denied the motion for reconsideration and entered a final order.

_____

[2] No transcript of this hearing is in the record before us.

4

¶10. On appeal, the Board argued that the circuit judge had no authority to issue a "sua sponte judgment" in favor of the residents, and that it lacked jurisdiction to consider their untimely bill of exceptions. The Court of Appeals agreed with the Board on the jurisdictional issue, finding that the circuit court lacked appellate jurisdiction to hear the residents' bill of exceptions, because "the residents failed to take a timely appeal from the Board's [October 31] resolution."[3]

¶11. In dissent, Judge Carlton astutely observed that the residents' bill of exceptions was timely because "the Board's reconsideration of the prior resolution placed the underlying matter back into issue at the Board's February 6, 2012[,] meeting."[4] We then granted the residents' petition for writ of certiorari.

## ANALYSIS

¶12. We must decide whether the residents filed a timely bill of exceptions under Section 11-51-75 and, if so, whether the circuit court erred in setting aside the Board's October 31 order abandoning the crossing. Jurisdiction is a legal question we review *de novo*.[5]

---

[3] *Lowndes Cnty. ex rel. Bd. of Supervisors v. McClanahan*, No. 2013-CA-00406-COA, 2014 WL 1674097, at *1 (Miss. Ct. App. Apr. 29, 2014).

[4] *Id.* at *3 (Carlton, J., dissenting) (citing Miss. Code Ann. § 19-3-40 (Rev. 2012)).

[5] *See Trustmark Nat'l Bank v. Johnson*, 865 So. 2d 1148, 1150 (Miss. 2004) (citing *Briggs & Stratton Corp. v. Smith*, 854 So. 2d 1045, 1048 (Miss. 2003)) ("Jurisdiction is a question of law which this Court reviews de novo.").

5

¶13.   Though filed in the circuit court, a bill of exceptions is an appeal which must be resolved on the merits presented in the appellate record.[6]  The briefs and arguments of counsel are not an opportunity to supplement that record with evidence not presented to the board, agency, or tribunal from which the appeal is taken.[7]  As we have said before, a

> bill of exceptions serves as the record on appeal, and we have held that "[t]he circuit court can only consider the case as made by the bill of exceptions.  This is the only record before the circuit court, as an appellate court."[8]

¶14.   With approval of the circuit judge, however, a bill of exceptions may "be amended at any time before the hearing on appeal, for the purpose of curing omissions, defects, or inaccuracy . . . ."[9]

¶15.   When reviewing a bill of exceptions challenging the decision of a board of supervisors, the circuit court must affirm, "unless [the] decision is 'arbitrary, capricious, discriminatory, or is illegal, or without a substantial evidentiary basis.'"[10]  But where a board's action is alleged to have violated a statute or other law—in this case, Section 65-7-

---

[6] Miss. Code Ann. § 11-51-75 (Rev. 2012) ("[T]he court shall . . . hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.").

[7] *Id.*

[8] *Hooks v. George Cnty.*, 748 So. 2d 678, 680 (Miss. 1999) (quoting *Stewart v. City of Pascagoula*, 206 So. 2d 325, 328 (Miss. 1968)).

[9] Miss. Code Ann. § 11-7-211 (Rev. 2012) (authorizing amendments of bills of exceptions).

[10] *Baymeadows, LLC v. City of Ridgeland*, 131 So. 3d 1156, 1159 (Miss. 2014) (quoting *Town of Florence v. Sea Lands, Ltd.*, 759 So. 2d 1221, 1223 (Miss. 2000)).

121's procedure for abandoning a road—the circuit court must conduct a *de novo* review to determine whether the board's actions complied with the governing law.[11]

¶16.   To perfect the appeal of a board's decision, an aggrieved party must file a bill of exceptions in circuit court within ten days of the board's decision .[12]  Section 11-51-75's ten day period to file an appeal is both "mandatory and jurisdictional."[13]  And "[w]here an appeal is not perfected within the statutory time constraints[,] no jurisdiction is conferred on the appellate court; and the untimely action should be dismissed."[14]

¶17.   The party opposing a bill of exceptions may file a motion to dismiss based on a jurisdictional challenge.[15]  But the procedure outlined in Mississippi Code Section 11-51-75 does not allow a party challenging a board's actions to file a dispositive motion on the

---

[11] ***Baymeadows, LLC***, 131 So. 3d at 1159 (quoting ***ABC Mfg. Corp. v. Doyle***, 749 So. 2d 43, 45 (Miss. 1999)).

[12] Miss. Code Ann. § 11-51-75 ("Any person aggrieved by a judgment or decision of the board of supervisors, . . . may appeal within ten (10) days from the date of adjournment at which session the board of supervisors . . . rendered such judgment or decision . . . .").

[13] ***Newell v. Jones Cnty.***, 731 So. 2d 580, 582 (Miss. 1999) (citing ***Moore v. Sanders***, 569 So. 2d 1148, 1150 (Miss. 1990)).

[14] ***Newell***, 731 So. 2d at 582.

[15] *See* ***Town of Terry v. Smith***, 48 So. 3d 507, 512 (Miss. 2010) (holding that circuit court properly dismissed an untimely filed bill of exceptions).

merits.[16]  The bill of exceptions, itself, is a request to set aside and reverse the board's actions.

¶18.    As to the Board's October 31 order, the residents' February 16 bill of exceptions was untimely under Section 11-51-75.  But the Board reconsidered and issued a new order on February 6, so the residents' February 16 bill of exceptions appealing the Board's February 6 order was within Section 11-51-75's ten-day period allowed for appeal.

¶19.    We recognize that Section 11-51-75 includes no procedure authorizing motions for rehearing or reconsideration, but neither are they prohibited.[17]  Boards of supervisors certainly are not prohibited from reconsidering their previous decisions and issuing new decisions.[18] And when they do—as they did in this case—Section 11-51-75 allows aggrieved residents to file a bill of exceptions challenging the new decision.  In this case, the circuit court had jurisdiction over the residents' bill of exceptions challenging the Board's February 6 order.  However, the circuit court did not have jurisdiction to consider the Board's October 31 order.

---

[16] In responding to the Board's motion to dismiss, the residents filed both a "Response to Motion to Dismiss and Memorandum in Support Thereof" and also a "Motion to Amend or Alternatively Dismiss the Action of the Board of Supervisors of Lowndes County, Mississippi."  We note that the residents never should have filed a motion to dismiss on the merits after filing their bill of exceptions.

[17] *See Gatlin v. Cook*, 380 So. 2d 236, 237 (Miss. 1980) ("Persons aggrieved by the action or decision of municipal authorities may appeal under [Section 11-51-75] but we find no authority for aggrieved persons to petition the municipal authorities for rehearing a zoning ordinance adopted by the municipal authorities.").

[18] *See* Miss. Code Ann. § 19-3-40 ("[A]ny such board shall likewise have the power to alter, modify and repeal such orders, resolutions or ordinances.").

¶20.    On remand, we do not mean to prohibit the circuit court from considering an amendment to the bill of exceptions under Section 11-7-211 and addressing the issue of whether the Board published adequate notice.[19] Whether the Board gave constitutionally adequate notice leading up to the October 31 meeting may be relevant in analyzing whether the Board's actions at the February 6 meeting complied with Section 65-7-121.

**CONCLUSION**

¶21.    The circuit court had appellate jurisdiction over the residents' bill of exceptions challenging the Board's February 6 order, but it improperly considered the Board's October 31 order. We reverse the Court of Appeals' judgment finding that the circuit court did not have jurisdiction to hear the residents' bill of exceptions. We also reverse the circuit court's judgment, which considered the Board's October 31 order, and we remand this case for the circuit court to consider, consistent with this opinion, whether the Board's actions at the February 6 meeting complied with Mississippi Code Section 65-7-121's procedure for abandoning a county road.

¶22.    **THE JUDGMENTS OF THE COURT OF APPEALS AND THE CIRCUIT COURT OF LOWNDES COUNTY ARE REVERSED AND THE CASE IS REMANDED.**

        **WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

---

[19] *See* Miss. Code Ann. § 11-7-211 (Rev. 2012) ("Bills of exception, with the approval of the trial judge, may be amended at any time before the hearing on appeal, for the purpose of curing omissions, defects, or inaccuracy . . . .").