# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CA-00718-SCT

*AMERICAN TOWER ASSET SUB, LLC d/b/a*
*AMERICAN TOWER CORPORATION*

*v.*

*MARSHALL COUNTY, MISSISSIPPI, AND*
*TILLMAN INFRASTRUCTURE, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/10/2020 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| TRIAL COURT ATTORNEYS: | W. RODNEY CLEMENT, JR. |
| | MICHAEL J. BENTLEY |
| | MICHAEL K. GRAVES |
| | KENT E. SMITH |
| | LORI WHALEY SHAW |
| | THOMAS A. WALLER |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MICHAEL J. BENTLEY |
| | SIMON T. BAILEY |
| ATTORNEYS FOR APPELLEES: | AMANDA WHALEY SMITH |
| | MICHAEL K. GRAVES |
| | THOMAS WALLER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 09/02/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     In this appeal, we consider the dismissal of an appeal of a decision by a board of

supervisors under Mississippi Code Section 11-51-75 (Rev. 2019). Finding reversible error,

we remand the case for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2.     Tillman Infrastructure, LLC, sought to build a 290-foot tower in Marshall County on a plot designated an agricultural zone. Tillman applied for a special exception through the Marshall County Planning Commission, and the request was approved.

¶3.     American Tower Corporation owns an existing wireless-telecommunications tower that is approximately a quarter of a mile from Tillman's proposed tower. American Tower opposed Tillman's request for a special exception.

¶4.     Tillman's application was considered at the November 18, 2019 meeting of the Marshall County Board of Supervisors. American Tower argued that Tillman could not satisfy the standards for a special exception. The board unanimously approved Tillman's request for a special exception.

¶5.     Eight days later, on November 26, 2019, American Tower filed a notice of appeal in the Marshall County Circuit Court. The same day, American Tower hand delivered and emailed a copy of the notice of appeal to the Marshall County Chancery Clerk.[1] American Tower emailed a copy of the notice of appeal to Tillman's attorney. At the board's regularly scheduled meeting, on December 16, 2019, the board clerk provided a copy of the notice of appeal to the board president and the other board members.

¶6.     Marshall County filed a motion to dismiss the appeal and argued that the circuit court lacked jurisdiction. Marshall County claimed that American Tower failed to provide notice

_____

[1] The chancery clerk also served as the clerk of the board of supervisors.

to the board president of the board of supervisors as required by Mississippi Code Section 11-51-75. Tillman joined the motion and also argued that American Tower lacked standing to prosecute its appeal.

¶7.     On March 3, 2020, the circuit court entered an order that granted the motion to dismiss. The court ruled:

> The above-styled appeal came before the Court on Appellee Marshall County, Mississippi's Motion to Dismiss Appeal. The Court finds the motion to dismiss is hereby GRANTED. The Court finds the appellant did not comply with the mandatory notice requirements of Miss. Code Ann. Sec. 11-51-75 (2018) as appellant did not deliver notice of the appeal to the president of the Marshall County Board of Supervisors.
>
> Additionally, Appellee Tillman Infrastructure, LLC ("Tillman") moves the Court to dismiss this appeal against Tillman. The Court hereby reserves ruling on Tillman's motion to dismiss until the parties have fully briefed the Court on the issue of whether the appellant has standing to pursue this appeal solely against Tillman.

¶8.     After the parties presented supplemental briefing on standing, the circuit court entered a final order that held:

> After considering the arguments and authority presented to the Court on this issue at hearing and in briefings, the Court now finds Tillman Infrastructure, LLC shall be dismissed as a party. The Court finds under Miss. Code Ann. Sec. 11-51-75 (2018) the appellant does not have standing to assert a private cause of action here against Appellee Tillman Infrastructure, LLC.
>
> Therefore, Tillman Infrastructure, LLC's Motion-to Dismiss is hereby GRANTED, and the claims against Tillman on appeal are DISMISSED WITH PREJUDICE.

## STANDARD OF REVIEW

¶9.     This Court reviews matters of statutory interpretation de novo. ***Chandler v. McKee***,

202 So. 3d 1269, 1271 (Miss. 2016). "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018) (internal quotation marks omitted) (quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011)). "This Court 'cannot . . . add to the plain meaning of the statute or presume that the legislature failed to state something other than what was plainly stated.'" *Lawson*, 75 So. 3d at 1030 (alteration in original) (citing *His Way Homes, Inc. v. Miss. Gaming Comm'n*, 733 So. 2d 764, 769 (Miss. 1999)). But if the statute is ambiguous or silent on a specific issue, statutory interpretation is appropriate, and the Court must "ascertain the intent of the legislature from the statute as a whole and from the language used therein." *BancorpSouth Bank v. Duckett (In re Guardianship of Duckett)*, 991 So. 2d 1165, 1181-82 (Miss. 2008) (internal quotation mark omitted) (quoting *Bailey v. Al-Mefty*, 807 So. 2d 1203, 1206 (Miss. 2001)).

## ANALYSIS

¶10.    This Court must determine whether American Tower properly perfected its appeal under Mississippi Code Section 11-51-75 (Rev. 2019).

¶11.    This is a matter of first impression before this Court because the Legislature recently amended Section 11-51-75. Prior decisions of this Court interpreted Section 11-51-75 and

4

ruled that the appellant must properly file a bill of exceptions to initiate an appeal.[2] In *City of Jackson v. Allen*, this Court explained the history of bills of exceptions and overruled several earlier decisions in an effort "to restore fairness and sensibility to the bill of exceptions process[.]" *City of Jackson v. Allen*, 242 So. 3d 8, 14-23 (Miss. 2018). We further interpreted the procedure for such appeals "going forward[.]" *Id.*

¶12.    After *Allen*, the Legislature amended Section 11-51-75 and removed the bill-of-exceptions requirement. Under the revised statute, an aggrieved party may appeal a decision of the board of supervisors by filing a notice of appeal.[3] Section 11-51-75 now reads:

> Any person aggrieved by a judgment or decision of the board of supervisors of a county . . . may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body . . . . A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors . . . rendered the judgment or decision. Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors . . . and, if applicable, to any party who was a petitioner before the board of supervisors . . . .
>
> (a) The notice of appeal filed in the circuit court with the circuit clerk

---

[2] Under the previous statute, this Court consistently held that Section 11-51-75's "ten day time limit [to appeal a Board's decision] is mandatory and jurisdictional, and when it is not complied with, the appellate court lacks jurisdiction over the appeal." *Seyfarth v. Adams Cnty. Bd. of Supervisors*, 267 So. 3d 767, 771 (Miss. 2019) (citing *Lowndes Cnty. ex rel. Bd. of Supervisors v. McClanahan*, 161 So. 3d 1052, 1056 (Miss. 2015)). The Court ruled that the statute required the bill of exceptions to be filed within ten days, and it was the filing of the bill of exceptions within the time period that bestowed jurisdiction in the appeal. *Id.*

[3] The use of the term "notice of appeal" is consistent with the procedure to initiate an appeal under Mississippi Rule of Appellate Procedure 3(a) and Uniform Civil Rule of Circuit and County Court Practice 5.04. Under these rules, the filing of the notice of appeal is the jurisdictional action that initiates the appeal.

shall contain the following:

> (i) The name of the county board of supervisors . . . as the appellee. If applicable, any party who was a petitioner before the board of supervisors . . . shall be named as an appellee.
>
> (ii) A succinct statement of the reasons, or grounds, for the appeal.
>
> (iii) A written description or designation of record which includes all matters that the appellant desires to be made part of the record.
>
> (iv) Appellant must also deliver a copy of the notice of appeal and a written designation of the record, along with a list of all documents or transcripts in appellant's possession, to the clerk of the board of supervisors . . . .

(b) An appellee has ten (10) days from the filing of the notice of appeal with the circuit clerk to designate any other items or matters that appellee believes should be included in the designated record.

(c) The clerk of the board of supervisors . . . must assemble a complete record of the proceedings to include all writings, matters, items, documents, plats, maps and transcripts of proceedings that were part of the record and deliver the complete record to the circuit clerk within thirty (30) days after the filing of the notice of appeal with the circuit clerk. The clerk of the board of supervisors . . . shall certify that the record is accurate and complete and contains all writings, matters, items, documents, plats, maps and transcripts of proceedings designated by appellant and appellee in their designations of record.

(d) The circuit court, as an appellate court, either in term time or in vacation, shall hear and determine the same on the record and shall affirm or reverse the judgment. The circuit court shall enter an order establishing a briefing schedule and a hearing date, if any, for the parties to appear and present oral argument. If the judgment is reversed, the circuit court shall render such judgment or decision as the board of supervisors . . . ought to have rendered, and certify the same to the

board of supervisors . . . . Costs shall be awarded as in other cases.

Miss. Code Ann. § 11-51-75 (Rev. 2019).

¶13. American Tower's notice of appeal was filed within ten days, and it complied with Section 11-51-75(a)(i)-(iv).

¶14. The question here concerns whether the service or delivery of the notice of appeal satisfied the third sentence of Section 11-51-75. It states, "Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors . . . ." Miss. Code. Ann. § 11-51-75. American Tower did not deliver a copy of the notice of appeal to the president of the board of supervisors. Instead, American Tower delivered a copy of the notice of appeal to the chancery clerk, who also served as the board's clerk.

¶15. In the motion to dismiss, Marshall County and Tillman argued that the failure to serve the president of the board of supervisors was a jurisdictional defect that required dismissal. American Tower claimed it was not jurisdictional but rather a procedural defect that could be remedied and did not deprive the circuit court of jurisdiction. The circuit court ruled that it was jurisdictional and dismissed the appeal.

¶16. We disagree. In the 2018 amendment, the Legislature removed the bill-of-exceptions requirement in Section 11-51-75. The revised statute made clear that the notice of appeal grants appellate jurisdiction in the circuit court, and this is consistent with current appellate procedure in the Mississippi Rules of Appellate Procedure. Rule 3(a) of the Mississippi Rules of Appellate Procedure provides,

> An appeal permitted by law as of right from a trial court to the Supreme Court shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the perfection of the appeal, but is ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal.

Mississippi Rule of Appellate Procedure 2(a)(1) mandates dismissal only when the notice of appeal is not filed timely.

¶17. Section 11-51-75 requires that "[u]pon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors . . . and, if applicable, to any party who was a petitioner before the board of supervisors." Despite the requirement that "a copy of the notice of appeal must be delivered" to the president of the board of supervisors, the statute does not specify the exact method of service or delivery that is required.

¶18. For instance, the Legislature did not specify whether service under Rules 4[4] or 5[5] of the Mississippi Rules of Civil Procedure was required. Further, Section 11-51-75 also requires the service of the notice of appeal on "[u]pon filing." Yet the Legislature did not

---

[4] Rule 4 of the Mississippi Rules of Civil Procedure provides for the procedure and method of service of the summons and complaint. Under Mississippi Rule of Procedure 4(d)(6), process is to be served "[u]pon a county by delivering a copy of the summons and complaint to the president or clerk of the board of supervisors." Under Mississippi Rule of Civil Procedure 4(h), "service of the summons and complaint" must be made "within 120 days after the filing." Here, American Tower sent a copy of the notice of appeal to the clerk of the board of supervisors immediately.

[5] Rule 5 of the Mississippi Rules of Civil Procedure provides for the procedure and method of "Service and Filing of Pleadings and Other Papers." Under Mississippi Rule of Civil Procedure 5(b)(1), service may be made on an attorney or a party by traditional or electronic means. Here, American Tower served Tillman's attorney.

specify whether "[u]pon filing" meant "the same day," "within a reasonable time," or with the 120-day notice provision of Mississippi Rule of Civil Procedure 4(h).[6]

¶19. We also note that Section 11-51-75(c) places a requirement on the clerk of the board of supervisors, providing that "[t]he clerk of the board of supervisors . . . must assemble a complete record of the proceedings . . . and deliver the complete record to the circuit clerk within thirty (30) days after the filing of the notice of appeal with the circuit clerk." This further indicates that it is the notice of appeal that initiates the appeal and starts the time period running for the preparation and filing of the record.

¶20. Under Section 11-51-75, as revised, it is the filing of the notice of appeal that establishes appellate jurisdiction in the circuit court. We acknowledge that American Tower did not deliver a copy of the notice of appeal to the president of the board of supervisors. However, we find this defect is procedural and may be remedied.

¶21. Accordingly, we find it was reversible error for the circuit court to dismiss American Tower's appeal. American Tower's service of process may be cured as a procedural deficiency. Finding error in the dismissal of this appeal, we note that the remaining issues on appeal, including Tillman's standing issue, are without merit. We reverse and remand this case for further proceedings consistent with this opinion.

---

[6] As soon as the notice of appeal is filed in circuit or chancery court, the Mississippi Rules of Civil Procedure are applicable. Rule 1 provides, "[t]hese rules govern procedure in the circuit courts, chancery courts, . . . in all suits of a civil nature, whether cognizable as cases at law or in equity . . . ."

¶22.    **REVERSED AND REMANDED.**

**KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, C.J.**

**COLEMAN, JUSTICE, DISSENTING:**

¶23.    When it comes to the interpretation of statutes,

> This Court does not "decide what a statute should provide, but [ ] determine[s] what it does provide." ***Lawson v. Honeywell Intern., Inc.***, 75 So. 3d 1024, 1027 (Miss. 2011). "The Court's goal is to give effect to the intent of the Legislature." ***Id.*** To determine that intent, this Court looks first to the language of the statute. ***Id.*** "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." ***Id.*** Furthermore, words and phrases contained in a statute are to be given their common and ordinary meaning. ***Id.*** at 1028.

***Palermo v. LifeLink Foundation Inc.***, 152 So. 3d 1099, 1105 (¶ 13) (Miss. 2014). Mississippi Code Section 11-51-75 (Rev. 2019) *requires* a copy of the notice of appeal to be delivered to the president of the board of supervisors. American Tower failed to do so, instead delivering the notice to the chancery clerk.

¶24.    The statute requires service on the president of the board of supervisors. It is a "fundamental rule" that "the legislature has the power to enact any law it sees fit, be it sincere or hypocritical, moral or immoral, wise or foolish, beneficial or harmful, provided it does not violate the prohibitions of the State or Federal Constitution." ***State v. Wood***, 187 So. 2d 820, 827 (Miss. 1966).

¶25.    As to the instant case, the Legislature chose specific requirements for perfecting an

10

appeal of a decision of a county board of supervisors, and I cannot agree with the majority's decision to substitute its judgment for that of the people of the state acting through their elected legislators as to what the requirements are. Again, "[t]he function of the Court is not to decide what a statute should provide, but to determine what it does provide." *Lawson*, 75 So. 3d at 1027 (¶ 7) (citing *Russell v. State*, 231 Miss. 176, 94 So. 2d 916, 917 (1957)). Indeed, prior attempts by the Court to rewrite statutes have been considered so pernicious as to forfeit the protections of *stare decisis*. *Bester v. State*, 188 So. 3d 526, 529 (¶ 8) (Miss. 2016) ("We think it pernicious, *i.e.*, harmful, for this Court to continue to exceed its constitutional authority by judicially amending Section 97-3-65(4)(a) and limiting a judge's sentencing authority as established by the Legislature.")

¶26. Because the majority judicially rewrites the statute by holding that service of the notice of appeal on the clerk, rather than the president of the board of supervisors, suffices, I must, with respect, dissent.

**RANDOLPH, C.J., JOINS THIS OPINION.**